



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,

v.

BALDEO SAHABIR and
KAMLA SAHABIR,

Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Criminal No. 1:09-CR-507(TJM)

INDICTMENT

### THE GRAND JURY CHARGES:

### COUNT 1

From on or about December 13, 2000 through May 23, 2007, in the Northern District of New York and elsewhere, the defendants,

**BALDEO SAHABIR and KAMLA SAHABIR,**

did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the grand jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of

specified unlawful activity, that is, bank fraud in violation of Title 18, United States Code, Section 1344, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1. From on or about 1996 through on or about May 23, 2007, unindicted coconspirator Lal Singh perpetrated a scheme to defraud his employer, the Bank of New York. Singh was employed as a section manager in the securities redemption department. His department acted as the transfer agent for customers seeking to redeem bonds that were purchased. If customers did not redeem these bonds upon the maturity date, the additional interest payments on the bonds would be transferred into a pooled account for unclaimed funds. If these funds are not claimed within three years, the bank is required to transfer these funds to the New York State Comptroller's Office Department of Unclaimed Funds. Through his job position, Singh had access to a database that allowed him to view the unclaimed funds and to determine which funds were soon to be transferred to the state.

2. It was part of the conspiracy that beginning on or about December 2000, Singh created funds transfer requests to have funds transferred from the unclaimed funds accounts to accounts that belonged to the defendants, who had agreed to assist Singh in the fraudulent funds transfer. From approximately December 13, 2000 through May 23, 2007, Singh made approximately 348 wire transfers totaling more than $2.9 million. The defendants thereafter kept a portion of the misapplied funds and returned a portion to Singh.

3. It was further part of the conspiracy that from on or about December 13, 2000 through on or about April 2, 2003, the defendants received from Singh approximately 66 wire transfers totaling approximately $521,918.19 of fraudulently obtained funds which were deposited into an account in the name of Baldeo Sahabir at JP Morgan Chase bank.

4. It was further part of the conspiracy that between December 2000 and April 2003 the defendants caused approximately $349,000 of the criminally derived monies to be returned to Singh or other entities for Singh's benefit in the form of approximately 56 checks written on Baldeo Sahabir's JP Morgan account.

5. It was further part of the conspiracy that after the Baldeo Sahabir account at JP Morgan Chase was closed in April 2003, the defendants established an account in the name of America Seva International at Fleet National Bank which later became Bank of America. Both defendants had signatory authority on this account.

6. It was further part of the conspiracy that from on or about July 2, 2003 through on or about May 23, 2007, the defendants received from Singh approximately 282 wire transfers

totaling approximately $2,419,245.10 of fraudulently obtained funds which were deposited into the America Seva International account at Fleet National Bank and Bank of America.

7. It was further part of the conspiracy that between July 2003 and May 2007, the defendants caused approximately $1,048,000 of the criminally derived monies to be returned to Singh or others for Singh's benefit from the America Seva account at Fleet National Bank and Bank of America.

All in violation of Title 18, United States Code, Section 1956(h).

### THE GRAND JURY FURTHER CHARGES:

### COUNT 2

From on or about October 6, 2004 up to and including on or about May 30, 2007, in the Northern District of New York the defendants,

**BALDEO SAHABIR and KAMLA SAHABIR,**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the receipt of wire transfers from an account at the Bank of New York into an account controlled by the defendants in the name of America Seva International at Fleet National Bank which later became Bank of America, which wire transfers involved the proceeds of a specified unlawful activity, that is bank fraud in violation of Title 18, United States Code, Section 1344, knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to

conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## THE GRAND JURY FURTHER CHARGES:

## COUNTS 3-10

1. From on or about October 1996 and continuing through on or about May 2007, in the Northern District of New York and elsewhere, Lal Singh devised a scheme and artifice to defraud Bank of New York, a financial institution whose deposits were then insured by the Federal Deposit Insurance Corporation and to obtain moneys and funds owned by and under the custody and control of the Bank of New York, by means of false and fraudulent pretenses and representations.

2. It was part of the scheme that at all relevant times herein, Lal Singh was employed as a section manger in the securities redemption department of the Bank of New York. His department acted as the transfer agent for customers seeking to redeem bonds that were purchased. If customers did not redeem these bonds upon the maturity date, the additional interest payments on the bonds would be transferred into a pooled account for unclaimed funds. If these funds are not claimed within three years, the bank is required to transfer these funds to the New York State Comptroller's Office Department of Unclaimed Funds. Through his job position, Singh had access to a database that allowed him to view the unclaimed funds and to determine which funds were soon to be transferred to the state.

3. It was further part of the scheme to defraud that beginning in 2000, Singh created funds transfer requests to have funds transferred from the unclaimed funds accounts to other accounts controlled by the defendants who agreed to assist Singh in the fraudulent funds transfer. The defendants and Singh thereafter each received a portion of the fraudulently obtained funds.

4. On or about the dates listed below, each date constituting a separate count of this indictment, the defendants,

**BALDEO SAHABIR and KAMLA SAHABIR**

did aid and abet the execution of the scheme to defraud as set forth above in that the defendants agreed to receive and actually did receive from Singh the proceeds of the scheme to defraud into accounts they controlled in the name of Baldeo Sahabir at JP Morgan Chase Bank and America Seva International at Bank of America, formerly Fleet National Bank:

| COUNT | DATE | AMOUNT DEPOSITED | RECEIVING BANK |
|---|---|---|---|
| 3 | 12/18/2001 | $9,100.00 | JP Morgan Chase |
| 4 | 10/3/2002 | $9,700.00 | JP Morgan Chase |
| 5 | 3/20/2003 | $9,860.00 | JP Morgan Chase |
| 6 | 10/28/2003 | $9,500.00 | Fleet National Bank |
| 7 | 8/30/2004 | $9,875.25 | Fleet National Bank |
| 8 | 12/29/2005 | $9,525.75 | Bank of America |
| 9 | 5/3/2006 | $9,925.65 | Bank of America |
| 10 | 5/23/2007 | $9,875.25 | Bank of America |

In violation of Title 18, United States Code, Sections 1344 and 2.

Dated: September 23, 2009                         A TRUE BILL,

                                                  _____
                                                  FOREPERSON

ANDREW T. BAXTER
UNITED STATES ATTORNEY
NORTHERN DISTRICT OF NEW YORK

By: _____
    Edward R. Broton
    Assistant U.S. Attorney
    Bar Roll #101230